FILED
2013 Feb-07 PM 12:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **HEALTH ASSURANCE, LLC.,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **MIKE HALE, in his Individual Capacity, and ADVANCED CORRECTIONAL HEALTHCARE, INC.** <br><br> **Defendants.** | ) | **Civil Action Number:** |

# PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the plaintiff, Health Assurance, LLC., and files hereby its First Amended Complaint against the above-named parties and states as follows:

Plaintiff adopts and realleges all facts contained in its original Complaint except to the extent same are corrected herein.

## PARTIES

1. Plaintiff, Health Assurance, LLC., is a limited liability company, organized and existing under the laws of the State of Mississippi. Plaintiff was, at all times material hereto, authorized to and conducting business in Jefferson County, Alabama.
2. Mike Hale (hereinafter sometimes referred to as "Hale"), upon information and belief, is an adult resident of Jefferson County, Alabama, and is the duly elected sheriff of Jefferson County, Alabama. Hale is sued in his in individual capacity.
3. Advanced Correctional Healthcare, Inc. (hereinafter sometimes referred to as "ACH"), upon information and belief, is a foreign corporation organized and existing under the laws of the State of Illinois. At all times material hereto, this defendant was authorized to and conducting business in Jefferson County, Alabama.

## JURSIDICTION

4. Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.
5. Jurisdiction is proper in this Court pursuant to 28 USC § 1332, as the parties hereto are of completely diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand and 0/100 Dollars ($75,000.00).

## FACTUAL ALLEGATIONS

6. Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.
7. Plaintiff is a Mississippi limited liability corporation which specializes in the provision of medical services to correctional facilities in multiple jurisdictions.
8. On or about February 7, 2007, plaintiff contracted with Sheriff Mike Hale, “in his official capacity as Sheriff of Jefferson County, Alabama,” to provide medical services to the inmates housed in Jefferson County jail.
9. Pursuant to this contract, plaintiff employed and directly compensated various medical professionals. These individuals, including physicians, nurses and medical records technicians performed their work at the Jefferson County Jail.
10. The annual base compensation owed to plaintiff pursuant to this contract was Four Million and 0/100 Dollars ($4,000,000.00), payable in monthly installments of Three Hundred Thirty Three Thousand and /100 Dollars ($333,000.00). Interest on any unpaid balances accrue on “the date the original payment was due at a rate of one percent (1%) per month until the payment is made in full.”
11. The term of the contract between plaintiff and Jefferson County commenced at 12:00 am on the 9th day of February, 2007, and was originally to extend eight (8) months, with options for renewal. The contract further provides, “[i]f, at the conclusion of

this initial term or any subsequent term, this Contract has not been expressly expended, reneogotiated, nor terminated, this Contract shall automatically extended (sic) for terms of ninety (90) days until this Contract is expressly extended, renegotiated, or terminated."

12. The parties' contract was extended by mutual agreement, and no notice of termination or renegotiation was ever given by Hale or Jefferson County. (The contract provides for written notice of termination, and the identity of the parties to whom such notice should be provided).

13. On or about October 1, 2011, without any notice of termination to Health Assurance, a competitor was brought in to provide medical services at the Jefferson County Jail. This competitor is defendant Advanced Correctional Healthcare, Inc.

14. On or about November 1, 2011, Health Assurance employees working at the Jefferson County Jail were informed that they would be interviewed by new management to determine whether their employment would continue. Various employees submitted applications and were interviewed. Those who were not hired by ACH were informed that their employment was terminated effective November 30, 2011. Up to the date that said employees were notified of their termination, Hale informed them that the contract with Health Assurance would remain in force and effect.

15. Further, Health Assurance employees, during their final days of employment, were instructed to train their replacements in performing the functions of their positions.

16. Hale replaced plaintiff with ACH, thereby breaching the contract with plaintiff, as no notice of termination was ever provided, in contravention of the terms of the contract between the parties.

**COUNT I**
**BREACH OF CONTRACT**

17. Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.

18. Plaintiff Health Assurance was a party to a valid and binding contract with Jefferson County, Alabama.

19. Plaintiff fulfilled all terms, conditions and obligations of said contract for a period of several years.

20. Hale breached said contract by failing to terminate said contract according to its terms, and replacing plaintiff with another vendor.

21. Hale also breached said contract by failing to render payment for services rendered by plaintiff prior to October, 2011.

22. As a direct and proximate result of the breach of contract by Hale, the plaintiff has been damaged and caused to suffer losses. These damages include amounts owed to the plaintiff prior to October 1, 2011, as well as monthly payments for the automatic renewal of the contract. Plaintiff has also been caused to suffer incidental and consequential damages, including, but not limited to attorneys fees.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands judgment against the defendants Jefferson County and Hale in such an amount as a jury may assess as just, including three months of monthly payments, and all sums owing prior to October 1, 2011, plus interest as provided in the contract and the costs of this action, including a reasonable attorneys fee, as provided in said contract. Plaintiff further demands an Accounting of all sums owing for

services provided prior to October 1, 2011. Plaintiff requests such other, further and different relief to which it may be entitled.

**COUNT II**
**TORTIOUS INTERFERENCE WITH CONTRACT**

23. Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein.

24. Plaintiff and Jefferson County were parties to a valid and binding contract for the provision of medical services to inmates in the Jefferson County Jail.

25. Defendant ACH was aware of the contractual relationship between plaintiff and Jefferson County.

26. Defendant ACH willfully interfered with plaintiff's contract by usurping plaintiff's place as vendor to Jefferson County.

27. Defendant "poached" at least one employee of Health Assurance, who conducted interviews for staff on behalf of ACH while still being paid her salary by Health Assurance.

28. Upon information and belief, ACH was privy to proprietary non-pubic pricing and other information (trade secrets) belonging to the plaintiff, which it used to under-bid plaintiff in an attempt to usurp plaintiff's contractual relationship with Jefferson County.

29. This behavior on the part of ACH directly and proximately caused damage to plaintiff in that Jefferson County was induced to breach its contract with plaintiff, causing plaintiff to lose hundreds of thousands of dollars in fees, as well as expected profit from the continuation of said contract.

WHEREFOR, PREMISES CONSIDERED, plaintiff demands judgment against ACH in such an amount as a jury may assess as just, including compensatory and punitive damages and the costs

of this action. Plaintiff requests such other, further and different relief to which it may be entitled.

Respectfully submitted,

<s> *Mary-Ellen Bates*
Mary-Ellen Bates
Attorney for Plaintiff

OF COUNSEL:
BATES, HETZEL, PC
The McAdory Building
2013 1st Avenue North
Suite 450
Birmingham, Alabama 35203
Telephone: (205) 453-0060
Facsimile: (205) 453-0042

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record by filing same with the United States District Court's electronic filing service, on this the 4th day of February, 2013.

Robert J. Riley, Esq.
Riley & Jackson, PC
1744 Oxmoor Road
Birmingham, Alabama 35209

J. Rushton McClees, Esq.
Sirote & Permutt, PC
2311 Highland Avenue South
Post Office Box 55727
Birmingham, Alabama35255

<s> *Mary-Ellen Bates*
OF COUNSEL