# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| HEALTH ASSURANCE, LLC,        )  | |
|  )  | |
| Plaintiff,   ) | |
|   ) | |
| v.   ) | CIVIL ACTION NO. 2:12-cv-3634-JHE |
|   ) | |
| ADVANCED CORRECTIONAL    ) | |
| HEALTHCARE, INC.,    ) | |
|   ) | |
| Defendant.   ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Health Assurance, LLC (Health Assurance) brings this action against Advanced Correctional Healthcare, Inc., (ACH), alleging tortious interference with a contract.[1] On February 19, 2013, ACH filed a "Motion to Dismiss, or in the Alternative Motion for Summary Judgment." Doc. 15. The motion is fully briefed and ripe for review. Docs. 15, 16, 17, 19 & 21. For the reasons stated below, the undersigned recommends the motion be DENIED.

### I. Factual Background

On or about February 7, 2007, Health Assurance entered into a contract with Sheriff Mike Hale, in his official capacity as Sheriff of Jefferson County, Alabama, to provide medical services to inmates at the Jefferson County Jail. Doc. 13 at ¶ 8. The term of the contract began on February 9, 2007, to extend for eight months, with options for renewal. *Id*. at ¶ 11. The contract provides "[i]f at the conclusion of this initial term or any subsequent term, this

---

[1] Health Assurance initially filed a two-count complaint against Jefferson County, Alabama, Sheriff Mike Hale, and ACH. In its first amended complaint, filed February 7, 2013, Health Assurance omitted Jefferson County, Alabama as a defendant, and pursuant to Sheriff Mike Hale's motion to dismiss, doc. 14, the court dismissed Sheriff Hale from this action with prejudice on June 27, 2013. Doc. 25.

Contract has not been expressly ex[t]ended, renegotiated, nor terminated, this Contract shall [be] automatically extended for terms of ninety (90) days until this Contract is expressly extended, renegotiated, or terminated." *Id*.

Health Assurance alleges the parties' contract was extended by mutual agreement, "no notice of termination or renegotiation was ever given by Hale or Jefferson County." Doc. 13 at ¶ 14. Then on October 1, 2011, without any notice of termination to Health Assurance, Jefferson County brought ACH in to provide medical services at the Jefferson County Jail. *Id*. at ¶ 12. Health Assurance maintains ACH was aware of the contractual relationship between Health Assurance and Jefferson County, yet it used Heath Assurance's non-public trade secrets to under-bid Health Assurance's contract with the Jefferson County, inducing Jefferson County to breach its contract with Health Assurance. *Id*. at ¶¶ 25, 28 & 29.

ACH moved to dismiss and, alternatively, for summary judgment. Doc. 15. As exhibits to the motion, Defendant included contracts, an affidavit, a letter, and a facsimile. *See* docs. 16, 17, 17-1, 17-2, 17-3, 17-4. On February 20, 2013, the previous magistrate judge assigned to this case notified the parties the court would treat the motion as a motion for summary judgment. (Margin Order dated February 20, 2013).

## II. Analysis

Health Assurance contends it is unable to substantively respond to ACH's motion because there has been no discovery and offers an affidavit of Mary-Ellen Bates ("Bates"), its lead counsel, attesting to such. Docs. 19 & 19-1. Bates testifies there has been no discovery

because discovery and other Rule 26 obligations were stayed by court order.[2]  Doc. 19-1.  She asserts documents and testimony essential to the prosecution of Health Assurance's claim are believed to be in the possession of ACH and third-parties and, without such evidence, Health Assurance cannot substantively respond to the motion for summary judgment. Id.

In such a circumstances, Rule 56 provides:

(d) When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d).

Health Assurance has sufficiently established discovery is needed to adequately respond to the motion for summary judgment.  ACH's motion for summary judgment is due to be DENIED with leave to re-file.  Any stay of the parties' Rule 26 obligations is due to be LIFTED.

---

[2] On January 4, 2013, the court granted then-Defendant Sheriff Mike Hale's motion to stay Rule 26 obligations, including discovery.  There have been no other motions to stay.  Regardless, the parties have not filed a report of parties' planning meeting, no scheduling order has been entered, and no discovery has been initiated in this case.

**RECOMMENDATION**

Based on the foregoing, the magistrate judge recommends Defendant's motion for summary judgment be DENIED, with leave to re-file at the conclusion of discovery. Any stay of the parties' Rule 26 obligations is due to be LIFTED.

**NOTICE OF RIGHT TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Fed. R. Civ. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

DONE this 14th day of January, 2014.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE